IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LAYTON JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:21-cv-00112 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| METROPOLITAN GOVERNMENT OF ) | MAGISTRATE JUDGE FRENSLEY |
| NASHVILLE AND DAVIDSON ) | |
| COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Pending before the Court are motions to dismiss filed by Defendants Yvette Cain and Ronnell Griffin. (Doc. Nos. 41 and 43). Each motion is supported by a memorandum of law (Doc. Nos. 42 and 44) to which Plaintiff Layton Jones responded (Doc. Nos. 49 and 51). Cain and Griffin each filed a Reply. (Doc. Nos. 52 and 53).

The Metropolitan Government of Nashville and Davidson County and Robert Osborn have also moved to dismiss the claims against them. (*See* Doc. Nos. 46 and 47). These motions will be considered separately.

For the reasons stated below Defendant Cain's Motion to Dismiss (Doc. No. 41) will be GRANTED and Defendant Griffin's Motion to Dismiss (Doc. No. 43) will also be GRANTED.

### I.   BACKGROUND[1]

Plaintiff's allegations against Cain and Griffin stem from a contempt action pursued by Defendant Metropolitan Government of Nashville and Davidson County ("Metro") against Plaintiff. Metro asserted Plaintiff violated a July 2017 Davidson County Environmental Court

---

[1] The Facts in this section are as alleged in the First Amended Complaint (Doc. No. 40). For ease of reference, the Court cites the First Amended Complaint as "Am. Compl., ¶ __."

order enjoining Plaintiff from violating the short-term rental provisions of the Metropolitan Code of Laws ("Metro Code") at his property at 417 Spickard Court in Nashville, Tennessee. On February 19, 2019, the General Sessions Court for Davidson County, Tennessee, found Plaintiff to have been in willful contempt of the short-term rental provisions of the Metro Code and ordered him to serve three days in jail and pay a fine of $20,050. (Am. Compl., ¶ 42; Doc. No. 1-4).

Plaintiff appealed this decision and posted a $5,000 bond. (Am. Compl., ¶¶ 48, 51). Plaintiff's appeal was assigned to Judge Kelvin Jones at the Eighth Circuit Court for Davidson County, Tennessee. (*Id.*, ¶¶ 51). Judge Jones heard the case on February 11, 2020, and, on February 13, 2020, at 12:00 p.m., issued a ruling finding Plaintiff guilty of eighteen counts of criminal contempt. (*Id.*, ¶¶ 59, 68). Judge Jones sentenced Plaintiff to serve 180 days in jail – 4 incarcerated, 176 suspended. (*Id.*, ¶ 68). Plaintiff alleges Judge Jones denied his request to be released on the posted $5,000 bond and ordered Plaintiff to be taken into custody to serve his sentence. (*Id.*, ¶ 69).[2]

Plaintiff alleges that after Judge Jones denied his initial request to set bail at 1:26 p.m. that day, he filed an "emergency motion" to set bail pending appeal. (*Id.*, ¶ 70). It is then that Defendants Yvette Cain and Ronnell Griffin enter the story. Cain and Griffin are court employees of Judge Jones. (*Id.*, ¶¶ 8, 9). Plaintiff alleges Cain is a licensed attorney who assists with case management and "ministerial duties," and Griffin works for Judge Jones in an administrative capacity. (*Id.*).

Plaintiff alleges that fourteen minutes after he filed the motion to set bail, Cain informed him that Judge Jones was at lunch but that he had been informed of the motion. (*Id.*, ¶ 72). Over the next two hours, Cain repeatedly informed Plaintiff that Judge Jones was at lunch. (*Id.*). At

---

[2] The Tennessee Court of Appeals affirmed Judge Jones's decision. *See Metropolitan Government of Nashville and Davidson County v. Layton Jones*, Case No. M2020-00248-COA-R3-CV (Dec. 2, 2020).

2

Case 3:21-cv-00112   Document 56   Filed 05/23/22   Page 2 of 10 PageID #: 462

3:47 p.m., Judge Jones took the bench and informed Plaintiff that he would address the matter of bail the next morning. (*Id*., ¶ 74). The next morning Judge Jones held a bail hearing from approximately 10:00 a.m. to 11:00 a.m. and set bail at $7,000. (*Id*., ¶¶ 75, 78, 88). Although he posted bond at 1:20 p.m., Plaintiff was not released from custody until 11:17 p.m. that night. (*Id*., ¶¶ 92, 103).

He contends Cain and Griffin were responsible for the delay in his release. First, Plaintiff appears to assert that Cain is responsible for Judge Jones not holding a bail hearing the afternoon of February 13, 2020. He contends Cain intentionally and unnecessarily delayed a bail hearing, and that her statements that Judge Jones was at lunch were pretext for delaying the bail hearing and keeping him detained as long as possible. (*Id*., ¶¶ 72, 73).

In addition, Plaintiff alleges Cain intentionally delayed the entry of the bail order by refusing to consider Plaintiff's proposed order until it was filed through the electronic filing system, and incorrectly informing Plaintiff that the order could not be signed and entered until after he posted bond when, in fact, the order needed to be entered before he could post bond. (*Id*., ¶¶ 79, 81-82). He adds that Cain and Judge Jones then attended a reception at the courthouse "instead of signing the Order." (*Id*., ¶ 83). Plaintiff contends Cain further delayed his release by instructing the Davidson County Sheriff's Office not to release him until 11:00 p.m. that evening. (*Id*. ¶ 94-95; Doc. No. 1-5).

Ronnell Griffin worked for Judge Jones in an administrative capacity. (Am. Compl., ¶ 9). Plaintiff alleges she told him Cain and Judge Jones were attending a reception at the courthouse before the bond order was entered. (Am. Compl., ¶ 83). Plaintiff contends that it was Griffin's responsibility to fax the release paperwork to the Davidson County Sheriff's Office after he posted bond. (*Id*., ¶ 92). He alleges Griffin and Cain "discussed their plan to modify [the release

3

document] to ensure that Layton Jones remained imprisoned until 11:00 p.m. even after he was entitled to release." (*Id*., ¶ 95).

The Court of Appeals affirmed the circuit court's contempt findings and sentence and, as relevant here, specifically rejected Defendant's assertion of error with regard to the timeliness of the circuit court setting bail. *See Metropolitan Government of Nashville and Davidson County v. Layton Jones*, Case No. M2020-00248-COA-R3-CV, at 16, n.6 (Dec. 2, 2020). The Court of Appeals found that the circuit court setting bail the day after it found Plaintiff in contempt was timely. *Id*.

Plaintiff brings claims against Cain under 42 U.S.C. § 1983 for violation of due process, and state law claims for abuse of process, false imprisonment, and negligence per se based on violation of Tenn. Code Ann. §§ 39-16-403 and 39-16-402. (Am. Comp., ¶¶ 138-175). Plaintiff also asserts claims of civil conspiracy against Cain and Griffin. (*Id*., ¶¶ 176-181). He seeks compensatory and punitive damages.

## II. STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

4

Case 3:21-cv-00112 Document 56 Filed 05/23/22 Page 4 of 10 PageID #: 464

In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to Defendant's motion to dismiss provided they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008).

Plaintiff attached five exhibits to the original complaint. (*See* Doc. No. 1). Although these exhibits are referenced in the Amended Complaint and appear to be relevant to the claims, the exhibits themselves were not attached to the Amended Complaint. (*See* Doc. No. 40). The Court presumes this was an oversight and will consider the exhibits.

In addition, the Court has considered the decision issued by the Tennessee Court of Appeals in the underlying contempt case and the subsequent denial of Plaintiff's application for permission to appeal. See *Metropolitan Government of Nashville and Davidson County v. Layton Jones*, Case No. M2020-00248-COA-R3-CV (Dec. 2, 2020); and *Metropolitan Government of Nashville and Davidson County v. Layton Jones*, Case No. M2020-00248-SC-R11-CV (Tenn. Oct. 14, 2021) (filed on the record in this case at Doc. Nos. 54-1 and 55-1). "Federal Courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980). Although not dispositive of the claims in this case, the ultimate disposition of the underlying contempt proceeding is certainly relevant and properly considered by the Court.

### III. ANALYSIS

**A. Judicial and Quasi-Judicial Immunity**

Cain and Griffin argue that, as part of the judicial staff, they are entitled to quasi-judicial immunity for actions related to the criminal contempt hearing, the bail hearing, the bail order, and

the instructions from the court to the Davidson County Sheriff's Office regarding Plaintiff's release from detention after posting bond. (Doc. No. 42 at 4). The Court agrees.

"It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). Courts regularly extend quasi-judicial immunity to court personnel and judicial staff. *See e.g.*, *Wojnicz v. Davis*, 80 F. App'x 382, 383 (6th Cir. 2003) ("Judicial employees are immune from damages for the performance of quasi-judicial duties …"); *Bradley v. United States*, 84 F. App'x 492, 493 (6th Cir. 2003) (judicial law clerk performing his judicial and quasi-judicial duties is immune from suit); *Coleman v. Gov. of Mich.*, 413 F. App'x 866, 873 (6th Cir. 2011) (absolute immunity extends to any person acting as an arm of the judicial officer); *Jackson v. Houck*, 181 F. App'x 372 (4th Cir. 2006) (law clerks assisting judge in carrying out judicial functions entitled to absolute judicial immunity); *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) (judicial immunity applies to judge's law clerk performing judicial functions).

Entitlement to judicial or quasi-judicial immunity does not depend on identity of the person performing the function, but on the judicial or quasi-judicial nature of the function itself. *Bush*, 38 F.3d at 847 (citing *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (the determination of whether an act is a judicial function depends on "the nature of the function performed, not the identity of the actor who performed it"). Quasi-judicial immunity applies to judicial employees' performance of their duties "[w]hether or not they committed any errors…" *Wojnicz*, 80 F. App'x at 384. "The

6

processing of court papers is, in general, a quasi-judicial function." *Phillips v. Randall S. Miller & Assocs.*, No. 15-14082, 2016 WL 6651796, at * 3 (E.D. Mich. Jul. 26, 2016) (citations omitted).

Here, there is no question that Cain and Griffin's actions related to the criminal contempt hearing, the bail hearing, the bail order, and the instructions from the court to the Davidson County Sheriff's Office regarding Plaintiff's release from detention after posting bond were in furtherance of the judicial function. The release form itself was the final paperwork issued to effectuate Plaintiff's release following Judge Jones's bail order and Plaintiff's payment of bail. Cain and Griffin's conduct in preparing that paperwork and transmitting it to the Davidson County Sheriff's Office was a "basic and integral[] part of the judicial function."

Plaintiff's arguments to the contrary are not well-taken. Plaintiff first argues that Cain and Griffin are not entitled to immunity because neither of them serves as the "court clerk." (Doc. No. 49 at 2-3; Doc. No. 51 at 12). As stated above, the determination of whether Cain and Griffin are entitled to immunity is determined not based on an examination of their job titles or whether they were "elected officials," but on the nature of the function performed. The law is clear that immunity is not limited to judges and court clerks.

Next, Plaintiff argues that the action of preparing the release form and transmitting it to the Davidson County Sheriff's Office was not judicial in nature because Judge Jones's role in the proceedings ended when he signed and entered the bail order. (Doc. No. 49 at 5). Plaintiff contends that "sending release paperwork to the Davidson County Sheriff's Office was not a judicial act because it was not performed by a judge and did not require a judge's signature." (Doc. No. 49 at 5).

This argument ignores the immunity afforded to actions that are quasi-judicial in nature. Communication of that order to relevant parties and, in this case, preparing and sending the release

7

order, are sufficiently intertwined with the judicial process, that Cain and Griffin are entitled to quasi-judicial immunity for their actions. *Harris v. Suter*, 3 F. App'x 365 (6th Cir. 2001) (clerk filing or refusing to file a document with the court is entitled to immunity); *Bush*, 38 F.3d at 842 (finding that "enforcing or executing a court order is intrinsically associated with a judicial proceeding"); *Phillips*, 2016 WL 6651796, at * 3 (finding clerk entitled to immunity for sending a notice to the wrong address because the clerical function of serving papers is "integral or intertwined with the judicial process").

Acknowledging that "a judicial act such as enforcing or executing a court order … is an act intrinsically associated with a judicial proceeding," Plaintiff argues that because the release order did not accurately convey Judge Jones's instructions, Cain and Griffin were not acting in accordance with Judge Jones's order and, therefore, are not entitled to immunity. (Doc. No. 49 at 7). Somewhat relatedly, Plaintiff asserts that even if Cain and Griffin were entitled to immunity for acts within the scope of their duties as judicial staff, Cain's job did not include "fixing bond or modifying bond or bail" and were, therefore, "extra-judicial and illegal." (Doc. No. 49 at 5). Along the same vein, he argues that it was not Griffin's job "to conspire with Yvette Cain to take the law in her hands and cause Layton Jones to remain unlawfully incarcerated." (Doc. No. 51 at 12).

Although Plaintiff contests the manner in which Cain and Griffin prepared and transmitted the release paperwork, he concedes that the release paperwork was the responsibility of Judge Jones's judicial staff. (Doc. No. 49 at 10; Am. Compl., ¶ 91). Regardless of which member of the staff prepared the release paperwork, there is no question that the paperwork, which was ultimately necessary to effectuate Plaintiff's release, was "intrinsically associated with a judicial proceeding."

8

The Court finds both Cain and Griffin are entitled to quasi-judicial immunity for their actions related to the bail hearing, the bail order, and the preparation and transmission of the release paperwork. Each of these actions were judicial or quasi-judicial in nature. As members of Judge Jones's staff carrying out judicial and quasi-judicial job functions, they are immune from suit for money damages and the claims against them under Section 1983 will be dismissed.

Having determined Cain and Griffin are entitled to immunity, the Court need not consider the additional grounds for dismissal raised in their motions.

**B. State Law Claims**

Plaintiff's claims under 42 U.S.C. § 1983 are the only claims for which this Court has original jurisdiction. The remaining claims are based in state law. Cain and Griffin argue the Court should decline to exercise supplemental jurisdiction over the remaining state law claims.

A district court may decline to exercise supplemental jurisdiction if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. 1367(c)(3). In determining whether to exercise supplemental jurisdiction, the court considers factors such as "comity, judicial economy, convenience, and fairness in deciding whether to exercise supplemental jurisdiction over pendent state law claims, as well of the avoidance of unnecessarily deciding state law." *Fossyl v. Milligan*, 317 F. App'x 467, 473 (6th Cir. 2009). Ordinarily, a federal court that has dismissed a plaintiff's federal-law claims should not reach the plaintiff's state law claims. *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006). Indeed, there is a "strong presumption" against the exercise of supplemental jurisdiction once all federal claims have been dismissed. *Packard v. Farmers Ins. Co. of Columbus, Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011).

Having dismissed the federal claims against Cain and Griffin, the Court declines to exercise supplemental jurisdiction over the remaining state law claims against these Defendants. The

claims against Cain and Griffin have a distinct factual basis from the claims against the other Defendants. Therefore, even if some of the federal claims against the remaining defendants survive the motion to dismiss stage, the court finds judicial economy, convenience, and fairness, do not merit the exercise of supplemental jurisdiction over the state law claims against Cain and Griffin. Additionally, in declining to exercise supplemental jurisdiction, the Court avoids unnecessarily deciding state law issues.

## IV. CONCLUSION

For the reasons stated above, the motions to dismiss filed by Yvette Cain and Ronnell Griffin (Doc. Nos. 41 and 43) will be **GRANTED**. The claims under 42 U.S.C. § 1983 will be **DISMISSED WITH PREJUDICE** and Plaintiff's state-law claims will be **DISMISSED WITHOUT PREJUDICE**.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE