# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| LAYTON JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:21-cv-00112 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| METROPOLITAN GOVERNMENT OF | ) | MAGISTRATE JUDGE FRENSLEY |
| NASHVILLE AND DAVIDSON | ) | |
| COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Pending before the Court are motions to dismiss filed by Defendants Robert Osborn and

the Metropolitan Government of Nashville and Davidson County ("Metro"). (Doc. Nos. 45 and

47). Each motion is supported by a memorandum of law (Doc. Nos. 46 and 48) to which Plaintiff

Layton Jones filed a consolidated response (Doc. No. 50). Osborn and Metro each filed a Reply.

(Doc. Nos. 54 and 55).

Yvette Cain and Ronnell Griffin have also moved to dismiss the claims against them. (*See*

Doc. Nos. 41 and 43). The Court has separately considered these motions.

For the reasons stated below Defendant Osborn's Motion to Dismiss (Doc. No. 45) will be

GRANTED and Defendant Metro's Motion to Dismiss (Doc. No. 47) will also be GRANTED.

### I.    BACKGROUND[1]

At all times relevant to the current action, Plaintiff owned a house at 417 Spickard Court

in Nashville, Tennessee. (Am. Compl., ¶ 15). In 2016, Plaintiff began renting his house as a Short

Term Rental Property ("STRP"). (*Id*.). A short-term rental property is one that is rented for less

---

[1]    The Facts in this section are as alleged in the First Amended Complaint (Doc. No. 40). For ease of
reference, the Court cites the First Amended Complaint as "Am. Compl., ¶ __."

than 31 days. (*Id.*, ¶ 14). Metro law requires persons and entities operating or advertising STRP properties to obtain a STRP permit. (*Id.*, ¶¶ 14, 17-18). Plaintiff did not have an STRP permit. (*Id.*).

On May 26, 2017, Robert Osborn, a Metro Zoning Examiner, issued a citation to Plaintiff for operating and advertising an STRP without a permit. (*Id.*, ¶¶ 17-18; Doc. No. 1-1). The citation stated that Plaintiff must appear at the "Metro/Environmental General Session Court" on July 12, 2017. (*Id.*). The citation advised that failure to appear on the specified date could result in various consequences including the issuance of a bench warrant for arrest and civil remedies "including mandatory injunction." (Doc. No. 1-1). Plaintiff did not appear in court on the specified date and the Referee of the Environmental Court issued a Final Order and Injunction (the "Injunction") on July 21, 2017. (Am. Compl., ¶¶ 21, 25). The Injunction prohibited Plaintiff from further violating the STRP Ordinance at the specified property and from obtaining an STRP permit for the specified property for three years. (*Id.*, ¶ 25). At some point, Plaintiff became aware of the citation and attempted to obtain an STRP permit, but was unable to do so. (*Id.*, ¶ 29). Nevertheless, he continued to rent the property on Airbnb. (*Id.*).

On November 2, 2017, Metro filed a "Motion for Contempt" against Plaintiff in the Environmental Court seeking to hold Plaintiff in contempt for violating the Injunction by continuing to rent the property. (*Id.*, ¶¶ 32-33). In December 2017, Plaintiff entered into an Agreed Order of Contempt and paid a fine of $750.00. (*Id.*, ¶ 37).

Approximately one year later, on November 7, 2018, Metro filed another "Motion for Contempt Hearing," requesting the Court again hold Plaintiff in contempt for continuing to operate STRP in violation of the Injunction. (*Id.*, ¶ 39; Doc. No. 1-3). As requested by Metro, the Referee of the Environmental Court found Plaintiff in contempt of the Injunction and ordered him to spend

2

two days in jail. (Am. Compl., ¶ 41). Plaintiff appealed the case to the General Sessions Court and the case was reheard on February 19, 2019. (*Id.*, ¶¶ 41-42). At the rehearing, Metro requested Plaintiff serve three days in jail and pay a fine. (*Id.*, ¶ 42). The General Sessions Court Judge found Plaintiff in contempt and sentenced him as advocated by Metro. (*Id.*).

Plaintiff appealed the General Sessions Court decision to the Eighth Circuit Court of Davidson County for a *de novo* trial on the contempt charges. (*Id.*, ¶ 51). At the Circuit Court level, Metro requested Plaintiff serve 180 days in jail (ten days in jail for each of 18 alleged violations). (*Id.*, ¶ 53). The Circuit Court trial took place on February 11, 2020, before Judge Kelvin Jones. (*Id.*, ¶ 59). At the trial, Osborn testified that at every STRP proceeding he sought an injunction instructing the defendant not to violate the STRP ordinance. (*Id.*, ¶ 60). Osborn stated that he monitored STRP rental properties through a software program, but did not issue citations after every violation, instead, as instructed by Metro, he waited until numerous violations had accrued and implemented criminal contempt proceedings. (*Id.*, ¶ 61). On February 13, 2020, Judge Jones issued his decision, finding Plaintiff guilty of eighteen counts of criminal contempt. (*Id.*, ¶ 68). He sentenced Plaintiff to 180 days in jail, with 176 days suspended. (*Id.*).

Plaintiff appealed Judge Jones's decision to the Tennessee Court of Appeals. (*Id.*, ¶ 70). *See Metropolitan Government of Nashville and Davidson County v. Layton Jones*, Case No. M2020-00248-COA-R3-CV, 2021 WL 1590236 (Tenn. Ct. App. Apr. 23, 2021). The Court of Appeals affirmed the judgment of the Circuit Court. *Id.* Addressing Plaintiff's numerous assertions of error, the Court of Appeals held that Plaintiff waived arguments that the Environmental Court's enabling statute is unconstitutional and that the referee of the environmental court lacked the authority to issue the injunction because he did not raise these arguments before the Environmental Court or Circuit Court. *Id.* at *2. The Court of Appeals

3

further held that the Environmental Court had subject matter jurisdiction over the contempt proceedings and that Plaintiff had waived any argument about personal jurisdiction. *Id*. at * 3-4. The Court of Appeals also held that the injunction was not an "obey the law injunction," that Plaintiff had adequate notice of the contempt charges, that the evidence was sufficient to support his convictions, and that his sentence was not excessive. *Id*. at *4-12.

On October 14, 2021, the Supreme Court of Tennessee denied Plaintiff's application for permission to appeal. *See Metropolitan Government of Nashville and Davidson County v. Layton Jones*, Case No. M2020-00248-SC-R11-CV (Tenn. Oct. 14, 2021) (filed on the record in this case at Doc. Nos. 54-1 and 55-1).

Plaintiff initiated this case on February 11, 2021 (Doc. No. 1), and filed an amended complaint on September 15, 2021 (Doc. No. 40). He brings claims for damages against Metro and Metro Zoning Examiner Robert Osborn under 42 U.S.C. § 1983 for allegedly depriving him of his right to due process under the Fourteenth Amendment based on their enforcement of the short-term housing ordinance with regard to Plainitff's property at 417 Spickard Court. The Amended Complaint is littered with allegations of purported constitutional violations. His claims against Osborn and Metro, however, rest on two alleged deprivations of due process.

First, Plaintiff alleges Defendants deprived him of due process by "stacking charges against Layton Jones for the purpose of bringing about criminal contempt charges." (Am. Compl., ¶ 123). This claim appears to take issue with Osborn's decision to obtain an injunction and then, rather than issuing citations for each violation, enforcing further violations of the STRP ordinance through contempt proceedings. (*Id*., ¶¶ 124-127). In conjunction, Plaintiff claims that Metro and Osborn did not immediately notify him each time they learned he was renting his property without

4

a STRP permit, but instead allowed the violations to accrue which resulted in increased penalties. (*Id.*).

Plaintiff's second due process claim against Metro and Osborn is that they engaged in "vindictive prosecution" by seeking increased penalties against him at each level of appeal in retaliation for his appeal of adverse decisions. (*Id.*, ¶ 132).

## II.        STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to Defendant's motion to dismiss provided they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008).

Plaintiff attached five exhibits to the original complaint. (*See* Doc. No. 1). Although these exhibits are referenced in the Amended Complaint and appear to be relevant to the claims, the exhibits themselves were not attached to the Amended Complaint. (*See* Doc. No. 40). The Court presumes this was an oversight and has considered these exhibits.

In addition, the Court has considered the decision issued by the Tennessee Court of Appeals in the underlying contempt case and the subsequent denial of Plaintiff's application for permission to appeal. *See Metropolitan Government of Nashville and Davidson County v. Layton Jones*, Case No. M2020-00248-COA-R3-CV (Dec. 2, 2020); and *Metropolitan Government of Nashville and Davidson County v. Layton Jones*, Case No. M2020-00248-SC-R11-CV (Tenn. Oct. 14, 2021) (filed on the record in this case at Doc. Nos. 54-1 and 55-1). "Federal Courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980). Although not dispositive of the claims in this case, the ultimate disposition of the underlying contempt proceeding is certainly relevant and properly considered by the Court.

## III. ANALYSIS

Metro and Osborn assert a number of reasons the claims against them are subject to dismissal under Rule 12(b)(6). However, the Court's review is limited to a single issue because Defendants' argument that Plaintiff's claims are untimely is dispositive.

In Tennessee, actions brought under 42 U.S.C. § 1983, must be brought within one year of accrual. *See Wolfe v. Perry*, 412 F.3d 707, 713-14 (6th Cir. 2005); *Edison v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). The limitations period generally begins to run when a plaintiff knows or has reason to know of the injury which is the basis for his action. *Edison*, 510 F.3d at 635. In procedural due process claims, "a plaintiff's injury accrues at the time that process was denied because 'the allegedly infirm process is an injury in itself.'" *Am. Premier Underwriters, Inc. v. Nat'l RR Passenger Corp.*, 839 F.3d 458, 461 (6th Cir. 2016). A plaintiff is said to have "reason to know of its procedural-due-process claim at the moment process is denied." *Id*.

6

Plaintiff filed this case on February 11, 2021, exactly one year after the Circuit Court trial. (*See* Doc. No. 1). For claims to be timely, they must have accrued on or after February 11, 2020. Metro and Osborn argue both of Plaintiff's claims accrued prior to that date. They argue that even if the claims did not accrue when the Injunction issued in July 2017, Plaintiff was aware of his alleged due process injury when they moved for contempt in November 2017, November 2018, and February 2019 – all of which are well outside the limitations period.

Plaintiff responds that his claims are not time-barred because the injunction is a continuing violation of his constitutional rights. Plaintiff compares the Environmental Court injunction to "[a] law that works an ongoing violation of constitutional rights" and contends that, because of the Injunction's ongoing effect, he can challenge it at any time. (Doc. No. 50 at 10). In the alternative, Plaintiff argues that the discovery rule applies to his claim of "charge stacking" because he was "unable to discover that Defendants Osborn and Metro had engaged in the unlawful practice of charge-stacking until Osborn admitted it on February 11, 2020." (Doc. No. 50 at 11-12). He then states, "Metro's continued utilize [sic] the permanent injunction to stack new charges against Mr. Jones triggers an additional cause of action at each instance." (*Id*. at 12).

There are several problems with Plaintiff's argument that the Injunction is a "continuing violation." First and foremost, his claim is not based on the alleged constitutional infirmities of the Injunction itself. Instead, he claims Metro and Osborn violated his constitutional rights by enforcing the STRP ordinance through contempt proceedings rather than citations (the alleged "stacking") and by engaging in vindictive prosecution by seeking increasing penalties each time Plaintiff appealed an adverse decision. While violation of the injunction ultimately forms the basis for the contempt charges, Plaintiff's specific claims against Osborn and Metro do not challenge the constitutionality of the Injunction itself.

To the extent Plaintiff does seek to challenge the Injunction issued by the Environmental Court, this court does not have jurisdiction to hear the claim. Under what is known as the *Rooker-Feldman* Doctrine, lower federal courts are prohibited from exercising appellate review over state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012) ("The *Rooker-Feldman* doctrine bars lower federal courts from conducting appellate review of final state-court judgments because 28 U.S.C. § 1257 vests sole jurisdiction to review such claims in the Supreme Court."). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments" and applies even if the party challenges the validity of the state court judgment on constitutional grounds. *VanderKodde v. Elliott*, 951 F.3d 397, 402 (6th Cir. 2020); *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008). If the source of the injury is the state-court judgment itself or if a claim can only succeed to the extent the state court wrongly decided the issues before it, the district court does not have jurisdiction. *VanderKodde*, 951 F.3d at 402.

Here, however, Plaintiff is not challenging the injunction itself, he is challenging Metro and Osborne's method of enforcing the STRP laws, by obtaining an injunction and pursuing contempt proceedings and their decision to seek increased penalties at each stage of the appeals process. These claims, which are based on discrete actions, do not implicate the continuing violation doctrine.

Plaintiff's argument that the "discovery rule" applies to his "charge stacking" claims is equally unavailing. The allegations in the Amended Complaint demonstrate that Plaintiff was aware of the "charge stacking" – *i.e.*, enforcing the STRP laws through contempt proceedings –

8

before February 11, 2020.  Even if each separate motion for contempt triggered the statute of limitations anew, the latest contempt proceeding was initiated on February 6, 2019, well outside the statute of limitations.

Plaintiff does not address Defendants' argument that the claim for "prosecutorial vindictiveness" also accrued outside the one-year statute of limitations.  The Court finds that this claim is also untimely.  Defendants' actions seeking new charges or increased penalties for contempt at each level of the appeals process are discrete acts, each of which took place more than one year before Plaintiff filed this action.

Because Plaintiff's claims against Metro and Osborn are time-barred, the Court need not consider Defendants' alternative grounds for dismissal.

## IV. CONCLUSION

For the reasons stated above, the motions to dismiss filed by Defendants Metropolitan Government of Nashville and Davidson County and Robert Osborn (Doc. Nos. 45 and 47) will be **GRANTED**.  An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

9